James Oliver **BENNETT**, Petitioner,

v.

Carl **HURLEY**, Captain, Unit 5535 Hillsborough, North Carolina, Respondent.

Civ. No. 2332–Re.

United States District Court,
E. D. North Carolina,
Raleigh Division.

Aug. 3, 1970.

---

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by James Oliver Bennett, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on April 9, 1969.

Petitioner has been tried and convicted upon twenty-one different misdemeanor charges by the Cumberland County District Court. On February 1, 1968, petitioner, without the aid of counsel, entered a plea of guilty to fourteen of these various charges and was sentenced to a term of two years on all but one. Petitioner received a total of ten years on these sentences which run both consecutively and concurrently. On February 8, 1968, petitioner, with the effective assistance of counsel, entered a plea of guilty to the remaining seven charges and was sentenced to a term of two years on each. All of these sentences run concurrently with those imposed on February 1, 1968. Petitioner was advised by his counsel that he could appeal the February 1 convictions to the Superior Court and receive a trial de novo. Petitioner never instructed his attorney to appeal.

Petitioner sought relief under the Post-Conviction Hearing Act and on October 21, 1968, was given a full plenary hearing in the Cumberland County Superior Court. Upon consideration that court denied relief on October 25, 1968. Petitioner on January 16, 1969, filed a "writ of habeas corpus" with the North Carolina Court of Appeals raising identical questions to those presented in the lower court. On January 30, 1969, the North Carolina Court of Appeals denied the petition. Having presented his claims to the highest court of the state, petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir.1963).

Petitioner complains that he was denied counsel under the Sixth and Fourteenth Amendments. The right to counsel is not a constitutional requirement for all misdemeanors. The Supreme Court has never clearly delineated for which misdemeanors counsel is constitutionally required. Recently, the Supreme Court in Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (June 22, 1970) held that the right to a jury trial is preserved in misdemeanors where imprisonment for more than six months is authorized. Presumedly the right to counsel in misdemeanor trials would follow a similar standard. When ten years imprisonment is imposed, as here, the accused is clearly entitled to counsel under the Sixth and Fourteenth Amendments. There is no showing that petitioner waived this constitutional right.

Waiver is the intentional relinquishment or abandonment of a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Waiver can be found only in the actions of the defendant *before* the right is not granted. Petitioner's decision not to appeal occurred after the right was denied and is thereby not a waiver.

Further, the harmless error rule of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966), is not satisfied. This court cannot declare that the denial of counsel was harmless beyond a reasonable doubt.

The first fourteen convictions imposed on February 1, 1968 without the aid of counsel are therefore declared void. On February 8, 1968, petitioner was represented by counsel and the seven convic-

tions imposed on that date are not thereby impugned.

 As to the remaining seven convictions, the court need consider whether petitioner's other two allegations have validity. Petitioner alleges that the warrant for his arrest was issued without probable cause and that counsel was not appointed at the time of the arrest before he was questioned. After a voluntary plea of guilty, petitioner may only attack jurisdictional defects. Petitioner does not allege that the guilty pleas were involuntary, and these claims are not matters which should be considered as affecting the voluntariness of the pleas. See Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (May 4, 1970); McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970). Further, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) does not affect this case because it does not apply retroactively. St. Clair v. Cox, 312 F.Supp. 168 (W.D.Va.1970). Although these claims do not appear to have validity, they do not raise jurisdictional matters and may not be considered.

For the foregoing reasons, relief is denied on the seven convictions of February 8, 1968. With regard to the fourteen convictions of February 1, 1968, execution of the writ is stayed for a period of ninety (90) days within which the state may re-try the petitioner or appeal. In the event the state does appeal, any further stay must be sought in the Court of Appeals. In the event the state does not appeal but decides to re-try the petitioner, it may petition this court for a further reasonable stay of the execution of the writ.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a *notice of appeal*. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order of part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.